### HALE v. CORBIN et al.
#### No. 3224.

Court of Civil Appeals of Texas. El Paso.
June 13, 1935.

Rehearing Denied June 27, 1935.

Weeks, Hankerson & Potter, of Tyler, for plaintiff in error.

Conan Cantwell and W. H. Sanford, both of Longview, and Brachfield & Wolfe, of Henderson, for defendants in error.

WALTHALL, Justice.

Martha A. Corbin, joined by her husband, W. D. Corbin, brought this suit in the district court of Rusk county, Tex., against defendants Hugh Edward Hale

and Boone Refining Company, in which plaintiffs allege that Mrs. Martha A. Corbin and Hugh Edward Hale were interested as owners in a certain oil, gas, and mineral lease referred to in the record as the Clay lease, duly recorded in Rusk county, and in which lease the land involved is fully described, and as consisting of some 65 acres.

It is alleged that plaintiffs and defendant, Hugh Edward Hale, agreed upon an adjustment and exchange of their respective interests in said lease, the agreement being that Mrs. Martha Corbin should own a ⅛ of ⅞ "overriding royalty interest" in the lease; that is to say, that her interest, after said agreement, should be such an interest as should entitle her to receive free of cost, to her credit, in the pipe line to which the oil wells on said property should be connected, ⅛ of ⅞ of all the oil, gas, and other minerals produced and thereafter to be produced, from said tract of land, said interest to continue during the life of the said lease; that all other interests in said property should be vested in defendant, Hugh Edward Hale.

Plaintiffs allege that to express and carry out said agreement plaintiffs and defendant, Hugh Edward Hale, caused a written instrument to be prepared, which was executed by plaintiffs and defendant, Hugh Edward Hale, on April 19, 1932, and filed for record and recorded on April 21, 1932.

Plaintiffs allege that by mutual mistake of the parties to said instrument, and the inadvertence of the scrivenor in preparing such instrument, the interest of plaintiff, Martha A. Corbin, was not clearly identified as being a ⅛ of ⅞ "overriding royalty interest," in accordance with the said agreement, but was described as being ⅛ of ⅞ "working interest" in and to all of the oil, gas, and minerals that are now produced, and that may be produced from the wells on said property. Plaintiffs allege that since said agreement, defendant, Hugh Edward Hale, has conveyed all his interest in said lease to defendant Boone Refining Company; that said company took said interest with notice that Martha A. Corbin's interest was in fact an "overriding royalty interest," free from all costs and expenses, and not a "working interest."

Plaintiffs allege that defendants are claiming and seeking to collect from Martha A. Corbin a portion of the expense of developing and operating said lease, and threatening to claim some lien or charge upon her said interest, and are claiming some interest in the proceeds of the production belonging to plaintiffs, basing said claims upon the use of the term "working interest" used in the said instrument.

Plaintiffs' suit is to construe and reform said written instrument so as to express the alleged agreement and understanding of the parties as set out, and to give Mrs. Martha A. Corbin what is described as an "overriding royalty interest" rather than a "working interest," as expressed in the said instrument; and to restrain defendants from attempting to collect operating expenses.

Defendant, Hugh Edward Hale, answered by general demurrer, general denial, pleads the written instrument as written, as expressing the agreement between the parties; pleads a cross-action in which it is alleged cross-plaintiff and cross-defendant, Martha A. Corbin, by reason of the said instrument, were tenants in common as to said lease, and that she became obligated to pay her pro rata part of such development, operation and management expenses; cross-plaintiff states that expenses were incurred and itemizes same, and claims a lien on Martha Corbin's interest in the lease to secure her part of said expenses.

The Boone Refining Company answered by general denial.

The Overton Refining Company, a corporation, intervened and alleged that in March, 1934, it acquired an interest in said leasehold estate and became the operator of said property, and is interested in the subject-matter of the suit; alleges that it drilled wells on said property and incurred expenses; alleges that the written instrument referred to shows that the interest is chargeable with its pro rata expenses, and states the amount and verifies it and pleads in the alternative that if the instrument is reformed, it should be decreed that the Martha A. Corbin interest is chargeable with its pro rata part of the operating expense; it asks judgment against said interest for expenses incurred.

To the Overton Refining Company's intervention Martha Corbin pleads coverture, that it bought with notice. To the plea of coverture the Overton Refining Company answered that by entering into the oil business she waived coverture.

The case was tried without a jury. The court in the judgment states that the contract between defendant Hugh Edward Hale and Martha A. Corbin and husband, W. D. Corbin, does not reflect the true agreement between the parties, which the said contract purports to evidence; the court, in the judgment, states that the true agreement of the parties, with reference to the interest Martha A. Corbin was to have in the property, was that she should have ⅛ of ⅞ of all the oil, gas, and other minerals in the leased property, and that ⅛ of ⅞ of all oil, gas, and other minerals produced should be run to the credit of Martha A. Corbin in the pipe line free of all costs and expenses to her, and that said contract should be reformed as expressed in the judgment. The judgment then states that the defendants and intervener should take nothing.

The judgment states the contract as reformed, and in which it is stated that Martha A. Corbin shall own ⅛ of ⅞ "overriding royalty interest" in and under the premises described, that is, her interest shall be such "as to entitle the said Martha A. Corbin to receive free of cost to her in the pipe lines to which the wells on the property shall be connected ⅛ of ⅞ of all the oil, gas and minerals produced and to. be produced from said tract of land."

The court made and filed findings of fact and conclusions of law from which the above-stated judgment is justified, if the evidence is such as to sustain the findings of fact.

The case is now properly before this court on appeal on a writ of error.

## Opinion.

Plaintiff in error, Hugh Edward Hale, alone prosecutes this appeal and submits two propositions, to the effect that the contract of April 19, 1932, giving to Martha A. Corbin a "working interest" in the lease in controversy, is unambiguous in its provisions, and, in the parlance of the oil business, carries the obligation of its pro rata part of the expenses of development and operation; and that there is no evidence of a mutual mistake in the terms of the contract at the time of its execution.

Plaintiff in error makes the contention that the contract should not have been reformed, and that Martha A. Corbin's interest carries the obligation to bear its pro rata expenses of developing and operating the lease after the date of the contract.

In the contract of April 19, 1932, between plaintiff in error, Hugh Edward Hale, and defendant in error, Martha A. Corbin, Martha A. Corbin received an interest in the lease. Her interest in the contract is described as a "working interest," which, as we understand from the pleadings of the parties, the evidence on the trial, and the contentions made in the briefs and in oral arguments, obligates such interest to bear its pro rata part of the expenses of development and operation of the lease. Martha A. Corbin, in her suit, contends that the contract should not have described her interest as a "working interest," but should have described it as an "overriding royalty interest," and that such interest does not obligate her to bear any part of the development and operating expenses of the lease; that it was a mutual mistake in writing the contract to describe her interest as in the contract.

The trial court heard the evidence and found that the contract did not reflect the actual agreement of the parties, and reformed it to comply with the agreement as the parties understood it at the time it was executed.

█ The only question presented here is as to the sufficiency of the evidence to sustain the trial court's finding. We can consider only the evidence which tends to sustain the court's finding.

█ Hon. J. W. McDavid, a lawyer, who represented the interests of both parties before the contract, talked with both parties before and at the time the contract was prepared, and wrote the contract that was executed, testified fully in the case. We quote from his evidence what we think is pertinent to the issue of fact presented.

Witness said: "They (both parties) came in (witness' office.) I had handled the title record for that Clay lease when they were dealing with that, and that forms the basis of this contention. * * * I did that (referring to what was done to clear up the title.) I did that for Mr. and Mrs. Corbin and the Hales, Hugh Edward Hale and his father; then they came in there and told me that they, Mr. and Mrs. Corbin, said they were selling out to Hugh Edward Hale. I says: 'What is your trade,' and they both spoke up and gave the details of their trade and

I listened to them and they asked me could I draw the assignment then, both of them wanted to sign and execute it then. (That was Saturday and its execution was deferred until Monday, the witness explaining that 'it is Saturday and Saturday is poor white folks and negroes day, with a lawyer in his office' in Henderson.) I said what is your trade, and I made a memorandum on my desk as they repeated it and discussed it with each other, pro and con, and I told them I would draw it."

"Q. What was the substance of that trade? .A. That Mrs. Corbin would relinquish her one-half of all of the holdings they had there in consideration that she was to have a ⅛ interest in this property free of all expenses; and I asked them, I says: 'Do you mean ⅛ of the ⅝,' and Mr. Corbin spoke up and I believe says, 'no, it is ⅛ of ⅞ of the oil.'

"Q. If this lease doesn't state what they told you the trade was at that time then it does not state what you intended to write, is that correct? A. I drew what I understood their contract was. I asked them what it was and they said it was ⅛ of ⅞ of the oil, and Mr. Corbin would relinquish all claim to the other party of the property, and Mr. Hale was to assume and pay all liabilities up to that time and in the future.

"Q. Both of them told you she was to get it free from all debts accrued on it, and to have accrued in the future? A. Yes, sir."

Mrs. Martha A. Corbin testified. She said (in talking with the elder Mr. Hale, and omitting the immaterial part of the conversation) : "I will take a ⅛ interest and he (the son, Hugh Edward Hale) pay all the bills in the future and relinquish my one-half interest in the original contract, and step out."

Witness said: "Hugh Edward said that was agreeable to him, and Mr. Hale said: (Omitting some immaterial statement, and who the attorney was) for you folks to see Mr. J. W. McDavid who was familiar with getting this lease, and to take the boy (Hugh Edward) and go on and complete the deal as we have discussed it."

Mr. and Mrs. Corbin and Hugh Edward Hale went to Henderson to Judge McDavid's office to have the contract drawn.

"Q. State what happened in that office? A. Mr. Corbin and Mr. Hale told them of our agreement with Mr. S. H. Hale and that I was going to take a ⅛ interest free and clear of all expenses and relinquish my ½ interest that I had had through the original contract, and step out, and asked Mr. McDavid to draw up the papers to that effect, and Mr. Corbin and Mr. Hale discussed that with Judge McDavid."

Witness said plaintiff in error was present at all times.

The above is sufficient evidence, we think, to sustain the trial court's finding that Mrs. Corbin was to receive her interest "free of all cost and expenses to her," and that her interest was to so continue through the life of the lease; also, that a mutual mistake of the parties was made in the execution of the contract, and for that reason the contract does not reflect the actual agreement of the parties, and was subject to be reformed, as was done in the judgment.

The question presented is purely one of fact, and what the contract was at the time it was written.

The case is affirmed.