IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs March 11, 2003

# IN RE Z.J.S. AND M.J.P.

**Appeal from the Juvenile Court for Dickson County**
**No. 05-00-024-CC      A. Andrew Jackson, Judge**

---

**No. M2002-02235-COA-R3-JV - Filed June 3, 2003**

---

WILLIAM B. CAIN, concurring.

I concur in the opinion authored by Judge Koch on the merits of this case and particularly the admonition to the Department of Children's Services to the effect that an ounce of prevention is worth a pound of cure.

I cannot agree, however, that the standard of appellate review as to any case where a party bearing the burden of persuasion must carry such burden by clear, cogent and convincing evidence[1] is, as stated in the opinion, and as it is stated in *Ray v. Ray*, 83 S.W.2d 726 (Tenn. Ct. App. 2001). Rather, I believe that the proper standard of review is stated in *Estate of Acuff v. O'Linger*, 56 S.W.3d 527 (Tenn. Ct. App. 2001). I do not believe that the respective standards of review stated in *Ray* and *Acuff* are either consistent or compatible with each other. For reasons stated in *Acuff* I do not believe that a "preponderance of the evidence" standard and a "clear and convincing evidence" standard are at all compatible and cannot be reconciled one with the other. For this reason, appellate review under the non-jury standard set forth in T.R.A.P. 13(d) is neither proper nor possible. We are required under the rule to presume the correctness of the trial court's findings of fact unless the evidence preponderates against such findings. Under the "clear, cogent and convincing evidence" standard, the party having the affirmative of the issue bears the burden of proving to the <u>factfinder</u> the existence of the determinative facts, not by a mere preponderance of the evidence but by clear, cogent and convincing evidence. It is the <u>fact</u> that must be proven by the heightened standard of proof, not the conclusions to be drawn from such fact.

The standard of proof asserted in the lead opinion is:

---

[1] I do not perceive any distinction between "clear, cogent and convincing" and "clear and convincing."

Because of the heightened burden of proof required by Tenn. Code Ann. § 36-1-113(c)(1), we must adapt Tenn. R. App. P. 13(d)'s customary standard of review for cases of this sort. First, we will review the trial court's findings of fact de novo with the presumption of correctness provided in Tenn. R. App. P. 13(d). Thus, each of the trial court's factual findings will be presumed to be correct unless the evidence preponderates otherwise. Second, we will determine whether the facts, either as found by the trial court or as supported by the preponderance of the evidence, clearly and convincingly establish the grounds for terminating the biological parent's parental rights. *Ray v. Ray*, 83 S.W.3d at 733; *In re L.S.W.*, No. M2000-01935-COA-R3-JV, 2001 WL 1013079, at *5 (Tenn. Ct. app. Sept. 6, 2001), *perm. app. denied* (Tenn. Dec. 27, 2001).

This is precisely the position taken by the Supreme Court of Maine in *Horner v. Flynn*, 334 A.2d 194 (Me. 1975).

In 1984, the United States Supreme Court decided *Colorado v. New Mexico*, 467 U.S. 310, 104 S.Ct. 2433 and 81 L.Ed.2d 247 (1984), and on the heels of this United States Supreme Court decision, the Supreme Court of Maine overruled *Horner v. Flynn* and adopted the *Colorado v. New Mexico* standard under which the trier of fact must be convinced that the controlling facts are established by clear and convincing evidence to be "highly probable." In overruling *Horner*, the Supreme Court of Maine held:

> As a practical matter, the *Horner* definition of "clear and convincing evidence" removes the higher standard of proof aspect of the lower court's factual findings from appellate review. Under *Horner* the question whether the evidence "which by its nature is capable of inducing belief *does in fact* induce belief is the responsibility of the factfinder to determine." *Horner*, 334 A.2d at 200 (emphasis in original). In *Horner* itself, the Law Court upheld a finding of fraud even though the trial court had given the jury, albeit without objection, a mere preponderance instruction without any of the "clear and convincing evidence" qualifications. *Id.* at 203. In effect the appellate court reviews a finding in favor of the moving party under *Horner* just as if the moving party needed only to establish his allegations by a preponderance. Believing, as we do, that the policies that motivated the imposition of the "clear and convincing evidence" standard apply with equal force at both the factfinding and appellate stages, we prefer a definition of "clear and convincing evidence" that allows meaningful appellate review of the lower court's findings. Under the intermediate standard of proof we can address the question whether the factfinder could reasonably have been persuaded that the required factual finding was or was not proved to be highly probable.

*Taylor v. Commissioner of Mental Health*, 481 A.2d 139, 153-54 (May 1984).

This Court placed heavy reliance on both *Colorado v. New Mexico* and *Taylor v. Commissioner of Mental Health* in our decision in *Acuff*. As we held in *Acuff* again quoting from *Taylor*:

> As we have explained, a standard of proof serves to allocate the risk of error and to instruct the factfinder as to the degree of confidence society expects for a particular decision. To effectuate those purposes a standard of proof should operate to set the degree to which the factfinder must be persuaded of a particular factual conclusion. Where, as here, an important public interest and the desire to preserve prior judicial orders and adjudications lead us to imply the "clear and convincing" standard for the release of BRI acquittees, the lower court must find the required factual conclusion to be "highly probable." Under the *Horner* approach the factfinder need only be persuaded that the factual conclusion in dispute is more probable than not. The additional requirement in *Horner* that the conclusion be supported by high quality evidence cannot adequately satisfy the objectives of the "clear and convincing evidence" standard. A "high quality evidence" requirement does not serve to allocate the risk of error and serves only indirectly to instruct the factfinder of the degree of confidence expected for a certain result. For example, there are many instances in which the evidence on both sides might be deemed of "high quality." In such instances, *Horner* permits the party bearing the burden of proof to prevail despite having only a bare preponderance of the evidence. Although the introduction of high quality evidence may well be an important element in meeting the intermediate standard of proof, that alone would not suffice. The factfinder must be persuaded, on the basis of all of the evidence, that the moving party has proved his factual allegations to be true to a high probability. That degree of confidence effectuates the policy purposes for which we have, in this case and others, adopted the "clear and convincing evidence" standard.

*Taylor v. Commissioner of Mental Health*, 481 A.2d 139, 153-54 (Me. 1984 as quoted in *Estate of Acuff v. O'Linger*, 56 S.W.3d 527, 536-37).

The distinctions made in *Ray* and *Acuff* will seldom be called into issue which probably accounts for the fact that in both *Ray* and *Acuff*, the Supreme Court denied permission to appeal. To me, however, the distinction is quite real and critical to a case directly affected by the standard of review. Under the *Ray* standard, it might well be said that the state could prove facts by a preponderance of the evidence and from those facts it might be inferred that the defendant was guilty beyond a reasonable doubt. More to the point, the plaintiff can prove facts by a preponderance of the evidence from which it might be inferred that something is "highly probable." *Ray* says: "Thus,

each of the trial court's factual findings will be presumed to be correct unless the evidence preponderates otherwise. Second, we will determine whether the facts, either as found by the trial court or as supported by the preponderance of the evidence, clearly and convincingly establish the grounds to terminating the biological parents' parental rights." *Ray*, 83 S.W.3d at 783 (Tenn. Ct. App. 2001).

How can this possibly be when it is the <u>fact</u> that must be established by clear and convincing evidence and must be established to the satisfaction of the <u>factfinder</u>?

Again, as we held in *Acuff* relative to the standard of review, this Court has held:

> Our review of a judgment based upon a jury verdict is governed by Rule 13(d), Tennessee Rules of Appellate Procedure. Findings of fact by a jury in civil actions shall be set aside only if there is no material evidence to support the verdict. We note, however, that there is a substantial body of case law that, as a matter of law, requires certain facts be established by clear, cogent and convincing evidence. For example the presumption of legitimacy may be overcome only by clear, cogent and convincing proof. We will, therefore, when we reach issues requiring the evidence to be clear, cogent and convincing, examine the record to determine if there is sufficient proof to constitute clear, cogent and convincing evidence to support the findings of the jury.

*Shell v. Law*, 935 S.W.2d 402, 405 (Tenn. Ct. App. 1996).

The literal language of the non-jury review provisions of T.R.A.P. 13(d) are no more compatible with appellate review of a case requiring clear, cogent and convincing evidence than are the provisions of the same rule relating to appellate review of a jury case as stated in *Shell v. Law*.[2]

Oil will not mix with water and as we held in *Acuff*:

> Tennessee recognizes that while the "clear, cogent and convincing evidence" rule defies precise description it is, in fact, an intermediate standard more exacting than the preponderance of the evidence standard while at the same time not requiring

---

[2] The "clear and convincing evidence" standard in *Acuff* was of common law origin while that standard in *Ray* and in the case at bar is statutorily established by T.C.A. § 36-1-113(c)(1). Thus, this case is different from *Acuff* in the sense that exception is made in T.R.A.P. 13(d) to its applicability when a statute provides otherwise. The core problem is, however, still the same in determining how to apply a "clear and convincing evidence" standard.

the kind of certainty inherent in the criminal standard of proof beyond a reasonable doubt. *See O'Daniel v. Messinger*, 905 S.W.2d 182, 188 (Tenn. Ct. App. 1995).

  Once this distinction is recognized, we are impelled to the same conclusion reached by the Supreme Court of Oregon that the "clear, cogent and convincing evidence" standard cannot co-exist with a "preponderance of the evidence" standard on the issue of burden of persuasion. *Riley Hill Gen. Contractor v. Tandy Corp.*, 303 Or. 390, 405 737 P.2d 595, 604 (1987).

*Estate of Acuff*, 56 S.W.3d 527, 535 (Tenn. Ct. App. 2001).

  I recognize that the Supreme Court in its recent decision *In re Valentine*, 79 S.W.3d 539 (Tenn. 2002) implemented both the T.R.A.P. 13(d) non-jury standard and the separate "clear and convincing evidence" standard in reversing this Court's decision terminating the parental rights of the mother. The case, however, does not address the issue that provokes this concurring opinion. The Court recited the T.R.A.P. 13(d) standard and then specifically held that the preponderance of the evidence was contrary to a number of the fact findings upon which parental rights were terminated. The T.R.A.P. 13(d) analysis, however, was neither necessary to that decision nor was it the basis upon which the case was decided. In deciding the case, the Supreme Court held:

>   We cannot conclude that factor (i)--persistent conditions--has been proven by clear and convincing evidence. Because termination of parental rights under Tenn. Code Ann. § 36-1-113(g)(3) requires clear and convincing evidence of all three factors and the proof supporting factor (i) fails to reach this level, consideration of factors (ii) and (iii) is pretermitted. Accordingly, we hold that the trial court erred by terminating Ms. Wallace's parental rights under Tenn. Code Ann. § 36-1-113(g)(3).
>
>   . . . .
>
> We further hold that the grounds for termination under Tenn. Code Ann. §§ 36-1-113(g)(2) and (3) have not been proven by clear and convincing evidence. Accordingly, we do not reach the issue of whether termination of Ms. Wallace's parental rights was in Oliver's best interest.
>
>   We reverse the judgment of the trial court terminating Ms. Wallace's parental rights and remand for further proceedings.
>
>   . . . .

We hold only that the present record does not establish clear and convincing evidence of grounds for termination. Costs of the appeal are taxed to the Tennessee Department of Children's Services.

*In re Valentine*, 79 S.W.3d 539, 550 (Tenn. 2002).

So far as I can determine the Supreme Court has not addressed the specific problem of what I believe to be the basic incompatibility of *Ray* and *Acuff*. This may well be because resolution of the problem was unnecessary to the ultimate decision in either *Ray* or *Acuff*. It is likewise not necessary to the decision in this case, but as I conceive it, at least, is a dispute that needs to be resolved.

In the final analysis, it must be remembered that the "clear, cogent and convincing evidence" rule is not just a standard of appellate review but rather is first and foremost a standard addressing itself to the <u>trier of fact</u>. The trial judge or the jury, as the case may be, must determine that the evidence has established the determinative facts to be "highly probable," not just "more probable than not." The standard of appellate review is exactly the same under which we must determine that the facts as found by the fact finder are "highly probable" not just "more probable than not." It is only after these determinative <u>facts</u> have been found to be "highly probable" by the <u>factfinder</u> that either the <u>factfinder</u> or the appellate court may draw inferences from those facts.

Since I believe that the evidence establishes, under the *Acuff* standard, that K.L.P. has failed to comply with the requirement in her permanency plans that she obtain a safe and stable home for the children, has not been able to comply with the requirement of her permanency plans that she maintain steady employment to enable her to support herself and her children, and has failed to remedy "persistent conditions" under Tennessee Code Annotated section 36-1-113(g)(3)(A) as detailed in the opinion, I concur in the judgment.

_____
WILLIAM B. CAIN, JUDGE